MH

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Kevin Pesqueira, | No.   CV 15-1426-PHX-DGC (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles Ryan, et al., | |
| Defendants. | |

Plaintiff Eric Kevin Pesqueira, who is confined in the Arizona State Prison Complex-Lewis, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and paid the required filing and administrative fees.  The Court will dismiss Defendants Ryan, Pratt, McKamey, Corizon, Sedlar, Reece, and Does I-IV.  Plaintiff will be given 30 days to file a response containing additional information regarding the Defendant identified in the Complaint as "John Doe Nurse."

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

**JDDL**

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II.    Complaint

In his Complaint, Plaintiff asserts two claims of constitutionally deficient medical care arising out of injuries he sustained while playing basketball in the Special Management Unit I ("SMU I") at ASPC-Florence.  He names as Defendants Charles Ryan, the Director of the Arizona Department of Corrections ("ADOC"); Richard Pratt, the Division Director of Health Services; Corizon Health, a contracted Health Care Provider; Arlene McKamey, a Health Care Provider; Nurse Sedlar, a Nurse at SMU I; Dr.

JDDL

Edward Reece, a hand surgeon contracted by ADOC; "John Doe Nurse," a Nurse at SMU I; and John/Jane Does I-IV, who are identified as medical staff at ASPC-Eyman.  He seeks injunctive relief and monetary damages.

In Count One, Plaintiff alleges that he fell while playing basketball at SMU I on September 25, 2013.  As a result of the fall, his right hand was "severely injured[,] displaying extreme swelling, extreme dark bruising[,] loss of mobilit[y,] and a bone loosely shifting in the metacarpals."  Over the course of the next several weeks, Plaintiff brought his injury to the attention of several nurses, both verbally and in written health needs request forms ("HNRs").  He requested medical care from Defendant Sedlar and was told by Sedlar that "the provider wasn't in," "the provider wouldn't talk to her (that day)," and he was "on the list for x-rays."  According to Plaintiff, he was never placed on an emergency line, and his records showed that he was not seen by a provider until "much later."  Another nurse ("Doe #1") told Plaintiff that "she was letting Sedlar take care of it" and failed to put Plaintiff on the emergency line, in violation of prison policy.  John Doe Nurse "straight out told [Plaintiff] that he would have to wait for [his] HNR to be answered."  John Doe Nurse would not call Plaintiff in or provide any ice or pain management "despite being aware of the severity" of Plaintiff's injury.  Plaintiff showed his hand to other unidentified nurses, but still was not "called to medical."[1]  Plaintiff submitted an HNR on October 4, 2013, that "describ[ed] the . . . injuries," and Doe #2 responded by stating that Plaintiff would be placed on "NL."  "At no time" was Plaintiff provided pain management.

On October 17, 2013, Plaintiff received x-rays that revealed he had broken his fourth and fifth metacarpals.  He was sent to a physician for treatment on November 4, 2013, but by that time "it was too late for him to receive the necessary surgical fix[]."  On December 16, 2013, it was discovered that Plaintiff could no longer fully extend the

---

[1] Count One also includes an allegation against Nurse Salas.  Plaintiff's allegation against Salas is not addressed herein, however, as Salas was not identified as a Defendant.

JDDL

fingers he had broken.  According to the Complaint, if Plaintiff had received timely treatment, he would have "been treated much differently with the expectation of a better outcome."     Plaintiff further alleges that Defendant Reece would not operate on his fingers unless he also performed surgery on Plaintiff's wrist.  According to Plaintiff, Reece "has an interest in minimizing surgical procedures due to the contract in place" with ADOC.

Plaintiff claims that Defendant Ryan is responsible for "establishing, monitoring[,] and enforcing overall operations, policies[, and] practices of ADOC," and Defendant Pratt "is responsible . . . for establishing monitoring[,] and enforcing system-wide health care policies and practices."  Plaintiff also claims that Corizon failed to properly train its Nurses and attributes part of the delay in treatment to a staff shortage.  As a result of Defendants' conduct, Plaintiff claims, he suffered "extreme physical pain," and incurred permanent damage to his fingers.

Plaintiff's allegations in Count Two "involve the same exact incident" and are "identical [to] those in Count [One]" except insofar as they address the injury to his wrist, rather than his hand.  According to the Complaint, when Plaintiff fell on September 25, 2013, he suffered significant damage to his wrist that led to a "permanent inability to extend or fully bend" it.  In addition, he experienced "unrelenting significant" pain. Plaintiff alleges that "[A]DOC failed to provide pain management deliberately," and even when he "did receive a provider who was working to find a treatment plan," ADOC "denied her first requested medication without offering a specific alternative."

## III.     Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an

JDDL

- 4 -

affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs."

JDDL

*Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

### A.  Defendants Ryan, Pratt, and McKamey

As noted above, a § 1983 plaintiff must allege that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo*, 423 U.S. at 371-72, 377.  There is no *respondeat superior* liability under § 1983, and, therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged that Defendant Ryan, Pratt, and McKamey personally participated in a deprivation of Plaintiff's constitutional rights, were aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries.  Instead, Plaintiff appears to be asserting claims against these Defendants based solely upon their supervisory positions within ADOC—a theory of liability that is not cognizable under § 1983.  Accordingly, Ryan, Pratt, and McKamey will be dismissed without prejudice.

### B.  Corizon

To state a claim under § 1983 against a private entity performing a traditional public function, such as providing meals or medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity.  *See Tsao v. Desert*

JDDL

*Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997).  A plaintiff must allege the specific policy or custom and how it violated his constitutional rights.  A private entity is not liable simply because it employed individuals who allegedly violated a plaintiff's constitutional rights.  *See Tsao*, 698 F.3d at 1139.

As a privately owned corporation that provides medical care to state inmates under contract with the state, Corizon may be considered a "person" for purposes of 42 U.S.C. § 1983.  However, while Plaintiff alleges that Corizon "failed to properly train [its] nurses," he does not identify an express policy that was established or endorsed by Corizon, and the facts he alleges concerning delays in treatment are not sufficient to create an inference that such a policy exists.  Indeed, the Complaint does not contain any allegations regarding Corizon's purported failure to train its staff other than Plaintiff's characterization of that training as inadequate.  Accordingly, Plaintiff has failed to state a claim against Corizon, and it will be dismissed without prejudice.

### C.    Defendants Sedlar, Reece, and Does I-IV

Plaintiff's claims against Defendants Sedlar, Reece, and Does I-IV are not sufficient to state a claim under the Eighth Amendment.  Although Plaintiff alleges that he asked Defendant Sedlar and "several nurses" if he could be seen by a doctor, it is unclear from the Complaint whether these Defendants recognized that Plaintiff had a serious medical need.  In addition, Plaintiff has failed to indicate that he made each of these Defendants aware of the lengthy delays that he was experiencing in connection with his requests for treatment.

Plaintiff's allegations against Defendant Reece are similarly deficient, as they do not demonstrate a deliberate indifference to Plaintiff's medical need.  On the contrary, it is clear from the allegations in Count One that Reece evinced a willingness to treat Plaintiff.  And, absent additional facts, Plaintiff's claim that Reece was unwilling to perform surgery on Plaintiff's hand without performing surgery on his wrist does not support a claim of deliberately indifferent conduct.  There are many reasons a doctor

JDDL

- 7 -

might elect to forego a surgical procedure under such circumstances.  For instance, it is entirely possible that the risks associated with surgery would outweigh the potential benefit of a procedure performed on the hand alone.  Plaintiff's claim that Reece refused to perform the surgery on his hand because he "ha[d] an interest in minimizing surgical procedures" is not only conclusory, but it is also inconsistent with his allegation that Reece would not operate on Plaintiff's hand unless he also operated on his wrist.  Accordingly, Plaintiff has failed to state a claim for constitutionally inadequate medical care against Defendants Sedlar, Reece, and Does I-IV, and these Defendants will be dismissed without prejudice.

**IV.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated an Eighth Amendment claim against Defendant John Doe Nurse.  However, while Plaintiff has alleged his claim with enough specificity to require an answer from this individual, the Court will not direct that service be made on John Doe Nurse at this time.  Generally, the use of anonymous-type appellations to identify defendants is not favored.  Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of the parties in the action.  And, as a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint on an anonymous defendant.

Plaintiff has not explained why he has not supplied the name of John Doe Nurse, and it is unclear why Plaintiff was unable to identify this Defendant.  Nevertheless, the Court will not dismiss the Complaint at this time.  *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (where identity of alleged defendants is unknown prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds).  The Court will give Plaintiff 30 days to respond to this Order in a written pleading entitled "Response."  Plaintiff's Response must include either (1) the name of the Defendant identified as "John Doe Nurse" **or** (2) an explanation of what Plaintiff has done to try to learn this Defendant's

JDDL

name, a description of what discovery Plaintiff would undertake to learn his name, and the identity of at least one person who could be served with discovery.  If Plaintiff fails to timely file his Response, this case will be dismissed without prejudice and without further notice.

## V.   Warnings

### A.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.   Copies

Because Plaintiff is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Plaintiff is not required to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Local Rule of Civil Procedure 5.4.  If Plaintiff is transferred to a unit other than one subject to General Order 14-17, he will be notified of the requirements regarding copies for the Court that are required for inmates whose cases are not subject to General Order 14-17.

### C.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Defendants Ryan, Pratt, McKamey, Corizon, Sedlar, Reece, and Does I-IV are **dismissed** without prejudice.

(2)   Within **30 days** of the date of this Order, Plaintiff must file a **Response** to this Order that includes either (1) the name of the Defendant identified as "John Doe Nurse" or (2) an explanation of what Plaintiff has done to try to learn these Defendants'

JDDL

names, a description of what discovery Plaintiff would undertake to learn his name, and the identity of at least one person who could be served with discovery.

(3)     If Plaintiff fails to file a Response within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

Dated this 18th day of September, 2015.

_____
David G. Campbell
United States District Judge

**JDDL**