**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Eric Pesqueira,<br>　　　　　Plaintiff,<br>v.<br>Charles L. Ryan, et al.,<br>　　　　　Defendants. | No. CV-15-01426-PHX-DGC (ESW)<br>**ORDER** |

Plaintiff Kevin Eric Pesqueira, who is confined in the Arizona State Prison Complex (ASPC)-Lewis, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 11.) Before the Court are Plaintiff's Motion for Default Judgment (Doc. 30) and Motion for Temporary Restraining Order (Doc. 36).

The Court will deny the Motions, set aside the Clerk's Entry of Default against Defendant Sedlar, and quash service on Sedlar.

**I.　Background**

In his First Amended Complaint, Plaintiff alleged that he received constitutionally deficient medical care after he broke two fingers on his right hand while playing basketball at ASPC-Florence. (Doc. 11.) Upon screening under 28 U.S.C. 1915A(a), the Court determined that Plaintiff stated a claim against Defendants Nurse Sedlar and Doe #1. (Doc. 12.) The Court ordered Sedlar to answer, but did not direct that service be made on Doe #1, so that Plaintiff could have an opportunity to amend his pleading to identify that individual. (*Id.*) The Court dismissed the remaining claims and Defendants. (*Id.*)

On May 11, 2016, the service documents for Sedlar were returned executed, with a form indicating that Cathy Vollmer, Vice President of Favorite Healthcare Staffing, had accepted service on Sedlar's behalf. (Doc. 23.) On June 20, 2016, Plaintiff filed an Application for Entry of Default against Sedlar (Doc. 24), and the Clerk of Court entered default on July 29, 2016 (Doc. 26).

## II. Motion for Default Judgment

Plaintiff seeks a default judgment against Sedlar because Sedlar has not answered the First Amended Complaint. (Doc. 30.) Plaintiff seeks $100,000 in compensatory damages and $200,000 in punitive damages. (*Id.*)

The Ninth Circuit has stated that Rule 55 requires a "two-step process," consisting of (1) seeking the clerk's entry of default and (2) filing a motion for entry of default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *see Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting "the two-step process of 'Entering a Default' and 'Entering a Default Judgment'"). Default judgments are generally disfavored, so courts should attempt to resolve motions for default judgment to encourage a decision on the merits. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)).

Sedlar appears for the limited purpose of responding to Plaintiff's Motion for Default Judgment and argues that the entry of default must be set aside because she was never properly served. (Docs. 32, 35.) Specifically, Sedlar contends that she was not personally served a copy of the Summons and Complaint, nor was a copy of the Summons and Complaint delivered to someone of suitable age and discretion at her residence. (Doc. 32 at 2.) Instead, the Summons and Complaint were delivered to officers of Sedlar's previous employer. (*Id.*) According to Sedlar, she was employed by Favorite Healthcare Staffing from August 22, 2012 until July 17, 2014. (Doc. 35.) In support of this argument, Sedlar has submitted a sworn affidavit from the Favorite Healthcare Staffing Custodian of Records attesting to and confirming these employment dates. (Doc. 35-1.)

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual may be served by (1) "delivering a copy of the summons and of the compliant to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode . . ."; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Plaintiff has the burden to establish that service was properly effected, *see Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004), and the Court concludes Plaintiff has failed to meet that burden here. Plaintiff failed to deliver a copy of the Summons and Complaint to Sedlar personally or to her dwelling or usual place of abode. Further, Plaintiff has not presented evidence that Vollmer was authorized by appointment or law to accept service on Sedlar's behalf. Because Sedlar has not been properly served, she cannot be required to answer Plaintiff's First Amended Complaint. Therefore, service upon Sedlar will be quashed, the Clerk's Entry of Default (Doc. 26) will be set aside, and Plaintiff's Motion for Default will be denied.

**III.     Motion for Temporary Restraining Order**

   **A.     Legal Standard**

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter*

1 factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

### B. Discussion

In his Motion, Plaintiff moves the Court to issue an order prohibiting "Corizon Medical/Arizona Department of Corrections [ADC]" and Nurse Practitioner Lawrence Ende from discontinuing Plaintiff's Tramadol prescription. (Doc. 36 at 1.) Plaintiff alleges that he received Tramadol "for years" but was recently "cut off" and instead placed on Naproxen, a medication that Plaintiff claims is ineffective for his medical issue. (*Id*.)

Plaintiff's motion fails because Plaintiff is seeking injunctive relief against non-parties. A court may issue an injunction against a non-party only where the non-party acts in active concert or participation with an enjoined party. Fed. R. Civ. P. 65(d)(2) (a preliminary injunction only binds those who receive actual notice of it by personal service or are parties, their officers, agents, servants, employees, and attorneys, and

persons in active concert); *see Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1984) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969). Corizon, ADC, and Ende are not parties to this action, and Plaintiff has not made the necessary showing that these non-parties are acting in concert with Sedlar, the only named Defendant. Accordingly, the Court does not have jurisdiction to issue the injunctive relief that Plaintiff seeks, and his Motion will be denied.

**IT IS ORDERED**

(1) That the reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Default Judgment (Doc. 30) and Motion for Temporary Restraining Order (Doc. 36), and the Motions are **denied**.

(2) Service on Defendant Sedlar (Doc. 23) is **quashed**, and the service deadline is extended for an additional **sixty (60) days** from the date of this Order.

(3) The Clerk's Entry of Default (Doc. 26) is **set aside**.

(4) All other matters in this action remain with the Magistrate Judge for disposition as appropriate.

Dated this 31st day of March, 2017.

_____
David G. Campbell
United States District Judge