WO

SH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Kevin Eric Pesqueira,

          Plaintiff,

v.

Charles L. Ryan, et al.,

          Defendants.

No. CV-15-01426-PHX-DGC (ESW)

**ORDER**

Plaintiff Kevin Eric Pesqueira, who is incarcerated at the Arizona State Prison Complex in Buckeye, Arizona, brought this civil rights case pursuant to 42 U.S.C. § 1983. Before the Court are Plaintiff's "Motion Request Court Direct DOC Special Handling of Plaintiff's Grievance and Subsequent Appeals Related to Count III of the Second Amended Complaint" (Doc. 56) and "Motion Asking Court to Help Plaintiff with Problem Accessing E-File Services" (Doc. 60), which the Court will construe as motions for injunctive relief.

**I.    Background**

On screening of the First Amended Complaint under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an Eighth Amendment medical claim against Defendant Sedlar and ordered Defendant Sedlar to answer. (Doc. 12.) The Court dismissed the remaining claims and Defendants. (*Id.*)

**II.    Discussion**

In the first Motion, Plaintiff asks the Court to order Arizona Department of

Corrections (ADC) Director Charles Ryan and the ADC "to allow Plaintiff safe access in using the inmate grievance system" with respect to Count Three of the Second Amended Complaint. (Doc. 56 at 4.) In a previous Order, the Court granted Plaintiff's motion to withdraw the proposed Second Amended Complaint from the record. (Doc. 68.) Accordingly, Plaintiff's "Motion Request Court Direct DOC Special Handling of Plaintiff's Grievance and Subsequent Appeals Related to Count III of the Second Amended Complaint" will be denied as moot.

In the second Motion, Plaintiff asks the Court "to attempt rectifying Plaintiff's inability to timely access in e-filing services at the Arizona Department of Corrections/Buckley Unit." (Doc. 60 at 1.) A preliminary injunction is an "extraordinary remedy" that may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). An injunction should not issue if it "is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). But if the request for relief concerns the prisoner's access to the courts, "a nexus between the preliminary relief and the ultimate relief sought is not required." *Prince v. Schriro, et al.*, CV 08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009) (citing *Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990)). Because Plaintiff's motion relates to his ability to communicate with the Court, his request for injunctive relief may be considered.

Plaintiff has failed to show a likelihood of success on the merits or irreparable injury as it pertains to his access-to-courts claim. To maintain such a claim, an inmate must submit evidence showing an "actual injury" resulting from the defendant's actions. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). With respect to an existing case, the actual injury must be "actual prejudice . . . such as the inability to meet a filing deadline or to

present a claim." *Id*. at 348-49. There is no evidence that Plaintiff has faced an unreasonable delay or the inability to file anything in this action. A review of the docket shows that Plaintiff has filed numerous motions and responses. Plaintiff has not been prevented from bringing a claim as a result of the alleged denial of access to e-filing services. Thus, Plaintiff has not established actual injury. Plaintiff has not satisfied the remaining requirements that must be shown to warrant injunctive relief. *See Winter*, 555 U.S. at 20.

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's "Motion Request Court Direct DOC Special Handling of Plaintiff's Grievance and Subsequent Appeals Related to Count III of the Second Amended Complaint" (Doc. 56) and "Motion Asking Court to Help Plaintiff with Problem Accessing E-File Services" (Doc. 60), and the motions are **denied**.

Dated this 1st day of September, 2017.

David G. Campbell
United States District Judge