WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Eric Kevin Pesqueira,

              Plaintiff,

v.

Charles L. Ryan, et al.,

              Defendants.

No. CV-15-01426-PHX-DGC (ESW)

**ORDER**

This Order sets forth the Court's rulings on a number of pending Motions (Docs. 123, 124, 125, 129, 131, and 132) filed by Plaintiff.

## I. DISCUSSION

**A. Plaintiff's "Motion for Leave to File Second Amended Complaint" (Doc. 123), "Motion Requesting Court Exercise Supplemental Jurisdiction" (Doc. 124), "Motion to Supplement Plaintiff's Motion Requesting Court Exercise Supplemental Jurisdiction" (Doc. 131), and "Motion for Leave of Court to Submit Two Extra Pages in his Second Amended Complaint" (Doc. 132)**

This case has been pending since July 2015. The Court found that the First Amended Complaint stated a claim against Defendant Sedlar and John Doe #1. (Doc. 12). Plaintiff subsequently substituted Defendant William Lohr for John Doe #1. (Docs. 86, 87, 90). Service was completed as to Defendant Lohr on April 3, 2018, and Defendant Lohr timely filed his Answer. (Docs. 100, 101). On April 25, 2018, the Court issued a Scheduling Order. (Doc. 103). The Court set June 22, 2018 as the deadline for

filing motions to amend the complaint and to join additional parties. (*Id.* at 4). In July 2018, Plaintiff filed a "Motion for Leave to File Second Amended Complaint" (Doc. 123) and "Motion Requesting Court Exercise Supplemental Jurisdiction" (Doc. 124). On July 13, 2018, the Clerk of Court docketed Plaintiff's "Motion to Supplement Plaintiff's Motion Requesting Court Exercise Supplemental Jurisdiction" (Doc. 131).

Under Federal Rule of Civil Procedure 16(b), a district court has the authority to establish a schedule that sets pretrial deadlines, including a deadline for motions to amend pleadings. A Rule 16 scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This is because "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citation and internal quotations marks omitted). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.*

Once a district court has filed a Rule 16 scheduling order setting a deadline for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b) and only secondarily by Rule 15(a).[1] *Johnson*, 975 F.2d at 607-09 ("A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "If [the court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). In addition, Ninth Circuit case law supports a district court's denial of a motion filed after the applicable scheduling order deadline on the ground that the movant did not request to modify the deadline. *Johnson*, 975 F.2d at 608 ("Johnson did *not* specifically request that the court modify its scheduling order; he

---

[1] Fed. R. Civ. P. 15(a)(2) provides that, except in circumstances not present in this case, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires."

merely moved to amend his complaint. He points out that some courts have considered a motion to amend the complaint as a motion to amend the scheduling order and the court's denial of that motion a denial of a motion to amend the scheduling order. . . . We have suggested the contrary."); *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (holding that a district court properly denied a motion as untimely where it was filed after the applicable scheduling order deadline and the movant "never requested a modification" of the scheduling order), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.,* 77 F.3d 1170 (9th Cir. 1996); *Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988) (holding that a district court properly denied a motion as untimely where the motion was filed after the deadline set forth in the scheduling order and the movant did not request a modification of the scheduling order).

The standards of review under Rules 15 and 16 are markedly different. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d. at 609. Although prejudice to the opposing party can be an additional reason to deny a motion to amend under Rule 16, the focus of the inquiry is on the movant's reasons for seeking modification. *Id.* If the movant "was not diligent, the inquiry should end." *Id.*

The Court's Scheduling Order (Doc. 103 at 5) advised in bold capital text that the deadlines set forth therein shall be strictly enforced. Plaintiff did not seek to extend the deadline for filing a motion to amend. Plaintiff's "Motion for Leave to file a Second Amended Complaint" (Doc. 123) may be denied as untimely. *Johnson*, 975 F.2d at 608; *U.S. Dominator, Inc.*, 768 F.2d at 1104; *Dedge*, 849 F.2d at 1398. Because the Second Amended Complaint was filed after the June 22, 2018 deadline, Plaintiff cannot "appeal to the liberal amendment procedures afforded by Rule 15; his tardy motion [has] to satisfy the *more stringent* 'good cause' showing required under Rule 16."

*AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 952 (9th Cir. 2006) (emphasis in original). The Court finds that Plaintiff has failed to show the diligence and good cause necessary for the Court to deviate from its Rule 16 Scheduling Order. Because Plaintiff has not acted diligently, the inquiry ends. The Court will deny Plaintiff's "Motion for Leave to File Second Amended Complaint" (Doc. 123), "Motion Requesting Court Exercise Supplemental Jurisdiction" (Doc. 124), "Motion to Supplement Plaintiff's Motion Requesting Court Exercise Supplemental Jurisdiction" (Doc. 131), and "Motion for Leave of Court to Submit Two Extra Pages in his Second Amended Complaint" (Doc. 132).

### B. Plaintiff's "Motion Requesting Court Provide Service By USMS or By Publication" (Doc. 125)

In his "Motion Requesting Court Provide Service By USMS or By Publication" (Doc. 125 at 3), Plaintiff requests "that the Court find a way to have the subpoena duces tecum (Doc. 69) served upon Corizon." On June 28, 2018, the Court directed the Clerk of Court to forward the subpoena duces tecum to the USMS for service on Corizon. (Doc. 121 at 2-4). Plaintiff's Motion (Doc. 125) will be denied as moot.

### C. Plaintiff's "Motion to Extend Time for Service of Summons and First Amended Complaint as to Defendant Sedlar Pursuant to Rule 4(m) Fed. R. Civ. P." (Doc. 129)

In his July 9, 2018 Motion (Doc. 129), Plaintiff requests that the Court extend the service deadline as to Defendant Sedlar. For good cause shown, the Court will grant the Motion (Doc. 129) and will extend the service deadline to **September 17, 2018**.

## II. CONCLUSION

**IT IS ORDERED** denying Plaintiff's "Motion for Leave to File Second Amended Complaint" (Doc. 123), "Motion Requesting Court Exercise Supplemental Jurisdiction" (Doc. 124), "Motion to Supplement Plaintiff's Motion Requesting Court Exercise Supplemental Jurisdiction" (Doc. 131), and "Motion for Leave of Court to Submit Two Extra Pages in his Second Amended Complaint" (Doc. 132).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's "Motion Requesting Court Provide Service By USMS or By Publication" (Doc. 125).

1  **IT IS FURTHER ORDERED** granting Plaintiff's "Motion to Extend Time for
2  Service of Summons and First Amended Complaint as to Defendant Sedlar Pursuant to
3  Rule 4(m) Fed. R. Civ. P." (Doc. 129).
4      **IT IS FURTHER ORDERED** extending the service deadline as to Defendant
5  Sedlar to **September 17, 2018**.
6      Dated this 19th day of July, 2018.

_____
Eileen S. Willett
United States Magistrate Judge