**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Eric Pesqueira, | No. CV-15-01426-PHX-DGC (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Kevin Eric Pesqueira, who is currently confined at the Arizona State Prison Complex (ASPC)-Safford, in Safford, Arizona, brought this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Defendant Lohr's Motion for Judgment on the Pleadings, which Plaintiff opposes. (Docs. 118, 128.) The Court will grant Defendant Lohr's Motion for Judgment on the Pleadings and dismiss Defendant Lohr from the action.[1]

**I.  Background**

Plaintiff initiated this action on July 24, 2015.  (Doc. 1.)  On screening of Plaintiff's First Amended Complaint (Doc. 11) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment medical care claims against Defendants Nurse Sedlar and John Doe #1 arising from their alleged failure to treat Plaintiff's injured right hand.  (Doc. 12.)  Plaintiff subsequently filed a Notice to

---

[1] Also before the Court are Plaintiff's Motion to Take Depositions (Doc. 136), Motion to Modify Scheduling Order (Doc. 139), and Motion for Extension of Time to Service Defendant Sedlar (Doc. 144), which will be addressed separately.

Substitute Defendant Lohr for John Doe #1, and service was executed on Defendant Lohr on April 3, 2018. (Docs. 86, 100.)

Plaintiff's original Complaint alleged that on an unspecified date between September 2013 and October 2013, Defendant "John Doe Nurse"—who was later identified as Defendant Lohr—denied Plaintiff treatment for his right hand that Plaintiff injured while playing basketball on September 25, 2013. (Doc. 1 at 5–6.)[2] Plaintiff alleged that an October 17, 2013 x-ray revealed broken fourth and fifth metacarpals on his right hand, and on November 4, 2013, he was informed that it was too late to perform surgery to fix the hand. (*Id*. at 6.) Plaintiff also alleged that "it was discovered on December 16, 2016 that [his] ring and pink[y] fingers no longer fully extended. (*Id*.) The Court determined that Plaintiff stated an Eighth Amendment medical care claim and gave Plaintiff 30 days to either provide John Doe Nurse's name or an explanation of what Plaintiff had done to learn John Doe Nurse's identity. (Doc. 7 at 8.)

Plaintiff filed a First Amended Complaint on September 24, 2015, and again alleged that at some unspecified date between September 2013 and October 2013, Nurse "John Doe #1" denied him treatment for the injury he sustained to his right hand while playing basketball on September 25, 2013. (Doc. 11 at 6.) Plaintiff also alleged that after this encounter with John Doe #1, an October 17, 2013 x-ray revealed that Plaintiff's fourth and fifth metacarpals on his right hand were broken. (*Id*. at 7.) Plaintiff asserted that, due to the delay in treating his right hand, on November 4, 2013, Plaintiff was advised that "it was too late to receive the necessary surgical fixation" for his right hand, and on December 16, 2013, Plaintiff was informed that his ring and pinky fingers no longer fully extended. (*Id*.) The Court again determined that Plaintiff stated an Eighth Amendment medical care claim, but did not direct service on John Doe #1 at this time. (Doc. 12 at 8.)

---

[2] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

- 2 -

On November 7, 2017, Plaintiff filed a Motion to Substitute Defendant William Lohr in place of John Doe #1, and the Motion was granted on December 28, 2017. (Docs. 86, 90.) Service was executed upon Defendant Lohr on April 3, 2018. (Doc. 100.) Defendant Lohr moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the grounds that Plaintiff's claim against him is barred by the statute of limitations.

**II.    Legal Standards**

    **A.    Federal Rule of Civil Procedure 12(c)**

Rule 12(c) provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." The standard for deciding a Rule 12(c) motion is the same as that applied to a Rule 12(b)(6) motion to dismiss. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) (citation omitted). Where the plaintiff is a pro se prisoner, the court must "construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

    **B.    Statute of Limitations**

Section 1983 does not include its own statute of limitations. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Therefore, federal courts apply the statute of limitations governing personal injury claims in the forum state, "along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (citation omitted). In Arizona, the limitations period for personal injury claims is two years. *Marks v. Parra*, 785 F.2d 1419, 1420 (9th Cir.

1986); *see also* Ariz. Rev. Stat. § 12-542 (providing that actions for personal injury must be commenced within two years after the cause of action accrues).

Although the statute of limitations applicable to § 1983 claims is borrowed from state law, federal law continues to govern when a § 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

For the defense of the running of the statute of limitations to be decided on a motion to dismiss, the untimeliness must clearly appear on the face of the complaint. *See Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206-1207 (9th Cir. 1995) ("A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'") (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

### III. Defendant Lohr's Motion for Judgment on the Pleadings

#### A. Statute of Limitations

Defendant Lohr moves to dismiss Plaintiff's medical care claim because it is barred by the statute of limitations and does not relate back to the original pleading.[3] (Doc. 118.) Plaintiff contends that the motion should be denied because he was diligent in his efforts to identify Defendant Lohr, and Defendant Lohr had notice of this action based on a conversation he had with Plaintiff that took place before the action was filed. (Doc. 128.)

---

[3] The Court will address Defendant Lohr's motion without converting it to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d) because the Court did not consider matters outside the pleadings in its analysis.

- 4 -

It is clear on the face of the First Amended Complaint that Plaintiff's claim against Defendant Lohr accrued by at least October 17, 2013,[4] the date Plaintiff discovered that the fourth and fifth metacarpals on his right hand were broken. (*See* Doc. 11 at 7.) Plaintiff had until October 17, 2015 to file his Complaint. It is also clear on the face of the First Amended Complaint that Plaintiff did not name Defendant Lohr in this action until he filed his motion to substitute in November 2017, well after the two-year statutory period had elapsed. Thus, Plaintiff's claim against Defendant Lohr can proceed only if equitable tolling applies or Plaintiff's claim relates back to an earlier complaint under Federal Rule of Civil Procedure 15. Plaintiff argues that his claim against Defendant Lohr relates back to his original complaint. (Doc. 128 at 10–13.)

**B.   Relation Back**

Rule 15(c)(1) allows for relation back of amendment to the date of the original pleading in limited circumstances. Fed. R. Civ. P. 15(c)(1). An amendment relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

---

[4] Defendant asserts that Plaintiff's claim accrued by at least December 16, 2013 when Plaintiff found out that his ring and pinky fingers no longer fully extended. (Doc. 118 at 4–5.) Plaintiff's claim is time-barred under either date of accrual.

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1); *see Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). Rule 15(c)(1) incorporates the relation back rules of state law "when that state's law provides the applicable statute of limitations and is more lenient." *Butler*, 766 F.3d at 1201 . Therefore, the Court considers both federal and state law "and employ[s] whichever affords the more permissive relation back rule . . . ." *Id.*

### 1. Federal Relation Back Rule

The parties do not dispute that relation back is permitted under Arizona law or that Plaintiff's claims in the First Amended Complaint arise from the same set of facts alleged in the original complaint. *See* Ariz. R. Civ. P. 15(c). Thus, whether Plaintiff's claim against Defendant Lohr relates back to the original complaint pursuant to the federal relation back rule hinges solely on the third factor—whether, within the limitations period prescribed by Rule 4(m), Defendant Lohr "received such notice of the action that [he] will not be prejudiced in defending on the merits," *and* Defendant Lohr "knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C); *Krupski*, 560 U.S. at 541.

The period for service under Rule 4(m) is "90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Therefore, Defendant Lohr must have received notice of this action within 90 days of July 25, 2015, such that he would not be prejudiced by now having to defend against Plaintiff's claim on the merits. Additionally, Defendant Lohr must have known or had reason to know that, but for a mistake in identity, Plaintiff would have named him in the original complaint.

Plaintiff contends only that Defendant Lohr "should have known that this action would be brought against him" in October 2013 when Defendant Lohr denied Plaintiff medical treatment, and that Defendant Lohr's refusal to give Plaintiff his name during the

2013 encounter suggests "an inference of culpability" sufficient to satisfy Rule 15's notice requirement. (Doc. 128 at 13.) But Defendant Lohr could not have received notice of this action in October 2013 when Plaintiff did not file it until July 2015, and Plaintiff does not allege that he mentioned pursuing a potential civil rights action during his October 2013 interaction with Defendant Lohr. Thus, is appears that Defendant Lohr did not learn of this action until the motion to add him to the case was filed in November 2017. Plaintiff argues that he was diligent in trying to find Defendant Lohr's identity (Doc. 128 at 6–8), but Plaintiff's diligence is not a factor under the federal relation back rule. (*See Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 553 (2010) ("Rule [15] plainly sets forth an exclusive list of requirements for relation back, and the amending party's diligence is not among them").

Further, relation back is not appropriate where the proposed amendment merely seeks to substitute a named party for a John Doe. In such an instance, no mistake is present within the meaning of Rule 15(c)(1)(C)(ii). *Gomez v. Randle,* 680 F.3d 859, 867 n.1 (7th Cir. 2012); *Jacobsen v. Osborne,* 133 F.3d 315, 321 (5th Cir. 1998). "Replacing a 'John Doe' defendant with the actual name of a defendant is not a 'mistake' that allows relation back under Rule 15(c)(1)(C)." *Boss v. City of Mesa*, No. 17-17255, 2018 WL 4001717, at *2 (9th Cir. Aug. 22, 2018) (citing *Butler*, 766 F.3d at 1203-04). Defendant Lohr had no reason to begin preparing a timely defense and would consequently be prejudiced by having to defend against Plaintiff's claims now, nearly five years after the events at issue took place. Accordingly, Plaintiff's claim against Defendant Lohr does not relate back under the federal version of Rule 15(c).

### 2. Arizona Relation Back Rule

The Court must still consider whether Plaintiff's claim against Defendant Lohr would relate back under Arizona law. Arizona's version of Rule 15(c) is similar to the federal rule, but Arizona Rule of Civil Procedure 10(d) allows a plaintiff to use fictitious names when the plaintiff intends to sue a defendant but does not know the defendant's name. Ariz. R. Civ. P. 10(d). "'Under this practice, substitution of the correct name at a

later date does not add a party to the case—it merely corrects the name of the defendant *whom the plaintiff already has sued.*'" *Tomlin v. Gafvert,* CV 13-1980-PHX-SMM (ESW), 2015 WL 4639242, *4 (D. Ariz. Aug. 4, 2015) (discussing former version of Rule 10(d)) (quoting *McGill v. Nat'l Specialty Ins. Co.*, CV 12-1671-PHX-DGC, 2013 WL 331256, at *3 (D. Ariz. Jan. 29, 2013) (emphasis added in *Tomlin* ) ). Arizona courts have concluded that in this situation, "'[t]here is no need to implicate [R]ule 15(c) to provide for relation back since a party is not being changed or added.'" *Id.* (quoting *McGill,* CV 12-1671-PHX-DGC, 2013 WL 331256, at *3).

Thus, Rule 10(d) applies to Plaintiff's substitution of Defendant Lohr. Plaintiff intended to sue Defendant Lohr when he filed his original complaint, but he did not know Defendant Lohr's name at the time and identified him as a Doe Defendant. (Doc. 1.) Plaintiff eventually identified Defendant Lohr and substituted him as a Defendant. (Doc. 86.) Under Arizona Rules 10(d) and 15(c), however, if the statute of limitations has already expired, relation back applies only when a new defendant knew or should have known of the claim within the period allowed for service. *Hartford Ins. Group v. Beck*, 472 P.2d 955, 957 (Ariz. App. 1970) ("We cannot conceive that a plaintiff can routinely avoid the statutes of limitations by filing a John Doe complaint and then amend it and serve notice at his pleasure."); *Warden v. Walkup*, No. CV13-00283-TUC-DCB-BPVL, 2018 WL 3084728, at *3 (D. Ariz. June 22, 2018) ("Where amendment is made after expiration of the statute of limitations, both Arizona Rule 10(d) and 15(c) relate back only if defendants actually had notice or should have known of the claim within the time allowed for service."). As explained above, Defendant Lohr did not receive notice of this action until November 2017, years after the limitations and service periods expired.

For these reasons, it is clear that Plaintiff named Defendant Lohr after the statute of limitations expired, Defendant Lohr did not have notice of this action within the required period under either federal or Arizona law, and Plaintiff's failure to name Defendant Lohr did not amount to a mistake within the meaning of the federal and Arizona relation back rules. Plaintiff's claim against Defendant Lohr does not satisfy

either standard for relation back, and Plaintiff does not argue that equitable tolling applies. Plaintiff's claim against Defendant Lohr is time-barred.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendant Lohr's Motion for Judgment on the Pleadings (Doc. 118), and the Motion is **granted**.

(2) Plaintiff's claim against Defendant Lohr is dismissed as barred by the statute of limitations, and Defendant Lohr is **dismissed** from the action.

Dated this 18th day of September, 2018.

David G. Campbell
Senior United States District Judge