SH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Kevin Eric Pesqueira,

Plaintiff,

v.

Charles L. Ryan, et al.,

Defendants.

No. CV 15-01426-PHX-DGC (ESW)

**ORDER**

Plaintiff Kevin Eric Pesqueira, who is represented by counsel, brought this civil rights action pursuant to 42 U.S.C. § 1983. Defendant Sedlar has filed a Motion to Dismiss, which Plaintiff opposes. (Docs. 165, 174.) The Court will deny the Motion.

**I.   Background**

On screening of Plaintiff's First Amended Complaint (Doc. 11) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment medical care claims against Defendants Nurse Sedlar and John Doe #1 arising from their alleged failure to treat Plaintiff's injured right hand. (Doc. 12.) Plaintiff subsequently filed a Notice to Substitute Defendant Lohr for John Doe #1, and service was executed on Defendant Lohr on April 3, 2018. (Docs. 86, 100.) Defendant Sedlar was served on November 7, 2018. (Docs. 162, 164.)

Defendant Sedlar moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) for lack of personal jurisdiction and insufficient service of process, and, in the alternative, for failure to prosecute pursuant to Rule 41(b). (Doc. 165.)

**II. Motion to Dismiss**

**A. Improper Service**

When Plaintiff filed his original Complaint, Rule 4(m) provided that if a summons and complaint are not served on a defendant within 120 days after filing, the court shall, after notice to the plaintiff, either dismiss the action or, if the plaintiff shows good cause for the failure, direct that service be effected within a specified time. Fed.R.Civ.P. (4)(m).[1] The Ninth Circuit has explained that Rule 4(m) "requires a district court to grant an extension of time when the plaintiff shows good cause for the delay." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (internal citations omitted) (emphasis in original). A plaintiff may demonstrate good cause by showing that he made a reasonable and diligent effort to effect service. *See Electrical Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 312 (9th Cir. 1992). "Additionally, the rule permits the district court to grant an extension even in the absence of good cause." *Efaw*, 473 F.3d at 1040 (internal citations omitted). Courts should give Rule 4 a liberal and flexible construction. *See Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). When determining whether an extension for service is warranted, a district court should consider factors such as prejudice to the defendant, actual notice of a lawsuit, and eventual service. *Efaw*, 473 F.3d at 1041; *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (factors to consider in excusable-neglect determined include danger of prejudice, length of delay, reason for delay, and whether party acted in good faith).

Defendant Sedlar argues that the Court lacks personal jurisdiction over her because she was not served until more than three years after Plaintiff filed his original Complaint, and Plaintiff failed to complete service within the time required in Rule 4(m). (Doc. 165 at 6-11.)

A review of the docket shows that the Court found good cause to grant Plaintiff, who was proceeding pro se at the time, several extensions of the service deadline.

---

[1] The rule for service was amended after Plaintiff filed his Complaint, shortening the time for service to 90 days. *See* Fed. Rule of Civ. P. 4(m) (2015 Amendment).)

- 2 -

(Docs. 40, 46, 69, 80, 90, 133, 147.) Plaintiff was finally able to serve Defendant Sedlar on November 7, 2018, and the Court determined there was good cause to deem this service timely. (Docs. 162, 163.) Thus, contrary to Defendant Sedlar's argument, the Court has already found good cause to extend the deadline. Courts must "be generally more solicitous of the rights of pro se litigants, particularly when technical jurisdictional requirements are involved." *Borzeka*, 739 F.2d at 448.

Defendant Sedlar asserts that she will be "greatly prejudiced" by the delay in service because five years have elapsed since Plaintiff's claim arose and "the memories of all of the witnesses will have faded" and "[b]oth evidence and witnesses have likely been lost." (Doc. 165 at 11.) These conclusory assertions are insufficient to show that she will be unable to defend against Plaintiff's claims. Accordingly, to the extent Defendant Sedlar seeks dismissal based on improper service, her Motion is denied.

### B. Failure to Prosecute

Defendant argues that this matter should be dismissed pursuant to Rule 41(b) for Plaintiff's failure to prosecute based on his failure "to diligently pursue service[.]" (Doc. 165 at 13.) Rule 41(b) allows the Court to dismiss an action for failure to prosecute or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Before dismissal on either of these grounds, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1261 (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423-24 (9th Cir. 1986)).

The Court already found good cause for extending the service deadline. (Doc. 163.) Additionally, the record shows that although Plaintiff's early attempts at service were unsuccessful, he was diligent in his attempts to locate Defendant Sedlar by seeking multiple subpoenas, service packets, and guidance from the Court. (*See* Docs. 21, 46, 69, 83, 90,

99, 121.) The *Henderson* factors do not favor dismissal of Plaintiff's claim. The docket in this matter does not show that Plaintiff has abandoned his claims.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant Sedlar's Motion to Dismiss (Doc. 165), and the Motion is **denied**.

(2) All other matters **must remain** with the Magistrate for disposition as appropriate.

Dated this 1st day of February, 2019.

David G. Campbell
Senior United States District Judge