**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Eric Pesqueira,<br><br>Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Defendants. | No. CV-15-01426-PHX-DGC (ESW)<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Seal Docs. 48-53, 62, and 67 (Doc. 180). No response has been filed, and the time to do so has passed. LRCiv 7.2 (i) (failure to file the required answering memoranda may be deemed a consent to the granting of the motion). The motion is deemed submitted for decision.

Plaintiff requests that several non-dispositive motions be sealed in his file because they "contain information which poses a threat to Plaintiff's safety in prison." Plaintiff has filed a civil rights First Amended Complaint (Doc. 11) pursuant to 42 U.S.C.§ 1983, and he is currently incarcerated.

The public has a general right to inspect and copy judicial records and documents. *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978). Although this right is not absolute, there is a strong presumption in favor of access to judicial records. To overcome this presumption, a party seeking to seal a judicial record must meet (i) the "compelling reasons" standard if the record is a dispositive pleading or (ii) the "good cause" standard if the record is a non-dispositive pleading. *Kamakana v. City & County of Honolulu*, 447 F.3d

1172, 1179-80 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

Here, because the documents Plaintiff has identified are not dispositive pleadings, Plaintiff must show good cause for sealing the documents. The "good cause" standard requires a showing that specific prejudice or harm will result if the document is not sealed. *Phillips ex. rel. v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests" to decide whether it is necessary to seal a document. *Id*.

Doc. 52 was previously sealed by the Court as a lodged document for which permission to file was not granted. Therefore, Plaintiff's request to seal Doc. 52 will be denied as moot.

Docs. 48 – 51, 53, 62, and 67 do contain information which poses a threat to Plaintiff's safety. The Court recognizes the potential safety risk to the Plaintiff were the information contained in the identified documents to remain public record. The potential safety risk outweighs the need for the public's access to the information. Good cause has been shown to file these identified documents under seal.

For the reasons set forth herein,

**IT IS ORDERED** granting Plaintiff's Motion to Seal Docs. 48-51, 53, 62, 67 (Doc. 180).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion to Seal Doc. 52 (Doc. 180).

**IT IS FURTHER ORDERED** that the Clerk of Court seal the following documents: 48-51, 53, 62, 67. Doc. 52 shall remain sealed.

Dated this 8th day of March, 2019.

Honorable Eileen S. Willett
United States Magistrate Judge